```
               IN THE UNITED STATES DISTRICT COURT
            NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION
```

TIFFANY MAYS and CORI YOUNGBLOOD,  )
                                   )
             Plaintiffs,           )
                                   )   07 C 5159
        v.                         )
                                   )   Judge Zagel
CITY OF CHICAGO, CHICAGO POLICE    )
OFFICERS RICHARD ARROYO,           )
DONALD BIOLATA, JAIME LUNA, and    )
UNKNOWN CHICAGO POLICE OFFICERS,   )   Magistrate Judge Shenkier
                                   )
             Defendants.           )   JURY TRIAL DEMANDED

### FIRST AMENDED COMPLAINT

PLAINTIFFS, by and through their attorneys, LOEVY & LOEVY, complain of Defendants, CITY OF CHICAGO, CHICAGO POLICE OFFICERS RICHARD ARROYO, DONALD BIOLATA, JAIME LUNA, and UNKNOWN OFFICERS ("Defendant Officers"), and state as follows:

#### Introduction

1. This action is brought under 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiffs' rights as secured by the United States Constitution.

#### Jurisdiction and Venue

2. This Court has jurisdiction of the action under 28 U.S.C. §§ 1331 and 1367.

3. Venue is proper as Plaintiffs reside in this judicial district and Defendant City of Chicago is a municipal corporation located here. Further, the events giving rise to the claims asserted here all occurred within this district.

## Background

4. Plaintiff Tiffany Mays, 30 years old, operates a licensed day-care center. Plaintiff Cori Youngblood, 26 years old, works full-time for the day-care center.

5. Both Ms. Mays, as the proprietor, and Mr. Youngblood, as an employee, went through extensive background checks in order to operate the day-care center.

6. The day-care center, located at 7920 South Colfax, Chicago, Illinois 60617, is also the Plaintiffs' residence. There are banners and signs throughout the premises and its entryway indicating that it is used as a day-care facility.

7. On or about the afternoon of August 13, 2007, three Defendants Officers loudly kicked Plaintiffs' door, demanding to be let in. Immediately after Ms. Mays opened the door, the three officers forced their way into the residence with their guns drawn. None of the officers displayed a warrant.

8. At the time the Defendant Officers forced their way in with their guns drawn, five of the children that attend the day-care center were asleep in the adjacent room. The loud noises resulting from the officers kicking the door and their subsequent forced entry caused the children to awaken. The children, ranging from one to six years old, were extremely frightened by the Defendant Officers' presence and actions.

9. Two of the Defendant Officers dragged Mr. Youngblood out the door and down the stairs where he was forcefully placed against the wall, ordered to spread his legs, and searched.

10. The third Defendant Officer remained inside with his gun pointed at Ms. Mays. This officer then pushed past Ms. Mays and started to move towards the back of the premises. At this time, Ms. Mays asked if the officers' actions were legal and whether they had a warrant to search the premises.

11. Failing to get an adequate response, Ms. Mays called 911 for help. The 911 operator informed Ms. Mays that a supervising sergeant was on the way.

12. Once the officer learned a supervisor had been dispatched, he hurriedly left the premises. While exiting, the officer loudly informed the other two Defendant Officers that a sergeant was on the way. All three of the officers then started to leave.

13. Ms. Mays asked the Defendant Officers for their names and badge numbers, but got no response. Upon exiting the building, one of the officers slammed the door as Mr. Youngblood was attempting to exit the building, injuring Mr. Youngblood's wrist.

14. The three Defendant Officers then got into their unmarked car and sped off without taking either Plaintiff with them, and without charging either Plaintiff with a crime.

### Count I -- 42 U.S.C. § 1983
### Fourth Amendment

15. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

16. As described more fully above, Plaintiffs' home was searched by the Defendant Officers in a manner which violated the Fourth Amendment.

17. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs' constitutional rights.

18. The policy and practice of the City of Chicago were the moving force behind these constitutional violations in that:

    a. As a matter of both policy and practice, the City of Chicago directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

    b. As a matter of both policy and practice, the City of Chicago facilitates the very type of misconduct at issue here by failing to adequately investigate, punish and discipline prior instances of similar misconduct, thereby leading its

officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiffs;

    c. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the City of Chicago abuse citizens in a manner similar to that alleged by Plaintiffs in this Count on a frequent basis, yet the City of Chicago makes findings of wrongdoing in a disproportionately small number of cases;

    d. Even when there is sufficient evidence for probable cause to believe that officers committed crimes, the Chicago Police Department does not pursue criminal charges against the officers as it would against citizens who commit the same crimes;

    e. Municipal policy-makers are aware of (and condone and facilitate by their inaction) a "code of silence" in the Chicago Police Department, by which police officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case; and

    f. The City of Chicago has knowledge of, and the relevant policy-makers have failed to act to remedy, the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby tacitly approving and ratifying the type of misconduct alleged here.

19. As a result of the unjustified violation of Plaintiffs' rights by the Defendant Officers, as well as the City's policy and practice, Plaintiffs have suffered injury, as well as emotional distress.

20. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law.

## Count II -- 42 U.S.C. § 1983
### Excessive Force

21. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

22. As described in the preceding paragraphs, the conduct of the Defendant Officers toward Plaintiffs Tiffany Mays and Cori Youngblood constituted excessive force in violation of the United States Constitution.

23. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with wilful indifference to Plaintiffs' constitutional rights.

24. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described in preceding paragraphs.

25. As a result of the unjustified and excessive use of force by the Defendant Officers, Plaintiff Tiffany Mays

sustained injuries, including, but not limited to, emotional distress.

26. As a result of the unjustified and excessive use of force by the Defendant Officers, Plaintiff Cori Youngblood sustained injuries, including, but not limited to, damage to his wrist and emotional distress.

27. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law.

### Count III -- 42 U.S.C. § 1983
### Unlawful Detention

28. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

29. As described more fully above, the Defendant Officers unlawfully detained Plaintiffs without legal justification.

30. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

31. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described in preceding paragraphs.

32. As a result of the above-described wrongful infringement of their rights, Plaintiffs suffered damages, including but not limited to emotional distress and anguish.

33. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law.

### COUNT IV -- State Law Claim
### Assault and Battery

34. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

35. As described in the preceding paragraphs, the conduct of the Defendant Officers, acting under color of law and within the scope of their employment, constituted unjustified and offensive physical contact and/or apprehension of immediate bodily harm, undertaken willfully and wantonly, proximately causing injury to Plaintiffs Tiffany Mays and Cori Youngblood.

36. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights of others.

37. As a result of the offensive contact and/or apprehension of bodily harm, Plaintiff Tiffany Mays sustained injuries, including, but not limited to, emotional distress.

38. As a result of the offensive contact and/or apprehension of bodily harm, Plaintiff Cori Youngblood sustained

injuries, including, but not limited to, damage to his wrist and emotional distress.

39. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law such that their employer, CITY OF CHICAGO, is liable for their actions.

### Count V -- State Law Claim
### Respondeat Superior

40. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

41. In committing the acts alleged in the preceding paragraphs, the Defendant Officers were members and agents of the Chicago Police Department acting at all relevant times within the scope of their employment.

42. Defendant City of Chicago is liable as principal for all torts committed by its agents.

### COUNT VI -- State Law Claim
### Indemnification

43. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

44. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

45. The Defendant Officers are or were employees of the Chicago Police Department, who acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendants, CITY OF CHICAGO, CHICAGO POLICE OFFICERS RICHARD ARROYO, DONALD BIOLATA, JAIME LUNA, and UNKNOWN OFFICERS, awarding compensatory damages and attorneys' fees, along with punitive damages against the Defendant Officers in their individual capacities, as well as any other relief this Court deems just and appropriate.

### JURY DEMAND

Plaintiffs hereby demand a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED,

_____
Attorneys for Plaintiffs

Arthur Loevy
Jon Loevy
Samantha Liskow
LOEVY & LOEVY
312 North May St
Suite 100
Chicago, IL 60607
(312) 243-5900

10